Allegra Law Firm, LLC
286 Broad Street
Red Bank, New Jersey 07701
(732) 747-8383
(732) 747-0257 (Fax)
Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Mary Kinsella, Administratrix ad Prosequendum of the Estate of Michael Kinsella, and Mary Kinsella, individually, M.K., J.K., and S.K., infants by their Guardian ad Litem, Mary Kinsella** | **Civil Action No.** |
| **Plaintiffs** | |
| **vs.** | **CIVIL COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| **Rapid Drug Detox Marketing, LLC., Shirley A. Cohorst, Edith Nemeth, M.D., Sharon M. Schafer, M.D., Gary J. Gunther, Ph.D., Rosalia Campos, Jesse Perez, Jeanne Katz, Hilton Hotels Corporation, Hilton Worldwide, Inc., Hampton Inn Detroit-Novi at 14-Mile Road, John Does I-X, (names being fictitious and unknown), jointly, severally and in the alternative, and John Roes I-X, (names being fictitious and unknown), jointly, severally and in the alternative.** | |
| **Defendants** | |

### <u>INTRODUCTION</u>

1) This action seeks monetary damages from the Defendants for negligence, gross negligence, wanton and reckless conduct as well as medical malpractice that proximately caused the death of Michael Kinsella (hereinafter referred to as "Decedent") on September 19, 2010.

## JURISDICTION AND VENUE

2) The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as Plaintiffs are citizens of New Jersey, a foreign state to all Defendants, and the matter in controversy exceeds $75,000.00.

3) All causes of action in this complaint arise out of the same case or controversy.

4) The United States District Court for the District of New Jersey is the proper venue not only because Decedent had resided in New Jersey for all times relevant to this cause of action and Plaintiffs continue to reside here, but also as a result of Defendants' solicitations into New Jersey which prompted the events leading to these injuries suffered.

## CHOICE OF LAW

5) This action is governed by the laws of the State of New Jersey. The events causing this wrongful death were a result of Defendants' solicitations into New Jersey. By reaching into this forum and leading Decedent to Michigan, Defendants' sought to evade liability. New Jersey has the most significant interest in this matter as one of public policy, as it was her citizens who suffered wrong contrary to the flagrant disregard of various duties of care by Defendants.

## PARTIES

6) Decedent, Michael Kinsella, as well as his wife, Plaintiff, Mary Kinsella and his three children: M.K., J.K., and S.K. (Plaintiffs are minors), have resided at 273 Harmony Road, Middletown, New Jersey, and have been New Jersey residents for all times relevant to this complaint.

7) On September 15, 2010, Decedent underwent an invasive medical procedure performed by various Defendants, under the auspices of a medical program known as Rapid Drug Detox Center. As a part of the treatment, Decedent was compelled to undergo recovery at the Hampton Inn Detroit-Novi at 14 Mile Road. During this recovery period, Decedent suffered a life threatening event, possibly triggered by an opiate overdose. As a result of this event, he died on September 19, 2010.

8) Defendant, Rapid Drug Detox Marketing, LLC, dba Rapid Drug Detox Center (hereinafter referred to as "RDD"), is a limited liability company or other legal entity, having places of business at 17177 N. Laurel Park Drive, Suite 405, Livonia, MI and/or 6450 Farmington Road, West Bloomfield, Michigan and/or 5076 Forest View Court, Brighton, MI 48116.

9) At all times relevant hereto, RDD specifically targeted persons in New Jersey, including Decedent, through, among other things, email solicitations and its website's content. These contacts subject RDD to this Court's jurisdiction.

10) RDD markets and by its agents, servants, and employees, performs a procedure that promises to cure opiate addiction, which procedure was offered to decedent, known as "opiate reversal".

11) Defendants, Hilton Hotels, Corporation and/or Hilton Worldwide, Inc., which owns the Hampton Inn brand and has corporate headquarters at 7930 Jones Branch Drive McLean, VA 22102, are incorporated in Delaware.

12) Hilton Worldwide, Inc. and/or Hilton Hotels Corporation (hereinafter "Hilton") exercises control over the Hampton Inn Detroit-Novi at 14 Mile Road ("Hampton Inn") with the address 169 Loop Road, Novi, Michigan, USA 48390 (located in Commerce Township).

13) Hilton owns and/or manages properties in New Jersey and solicits substantial business from New Jersey residents, including that of Decedent; thus it is subject to personal jurisdiction in the District of New Jersey.

14) Edith Nemeth, M.D. has been a licensed physician in the state of Michigan and is a principal and/or an agent, servant or employee of RDD, at all times relevant to this complaint. Her current address of residence is unknown at this time.

15) Dr. Nemeth, individually and by and through her agents, servants, and employees, through email and telephone solicited Decedent and obtained his medical information as well as supervised and performed the opiate reversal procedure undergone by Decedent.

16) Sharon M. Schafer, M.D. is a physician licensed to practice by the state of Michigan and is board certified as an anesthesiologist by the state of Michigan who is a principal and/or an agent, servant or employee of RDD, at all times relevant to this complaint.

17) Dr. Schafer, individually and by and through her agents, servants, and employees, through email and telephone solicited Decedent and obtained his medical information as well as supervised and performed the opiate reversal procedure undergone by Decedent.

18) Jesse Perez at all times relevant to this complaint was an agent, servant or employee of RDD and served as a supervisor for RDD's post operative procedures. He was directly responsible for maintaining proper medical care for the benefit of the Decedent during the Decedent's recovery period. The post operative caregivers reported to Mr. Perez.

19) Shirley A. Cohorst is the owner and/or an agent, servant and employee of RDD and exercised dominion and control over the affairs of RDD, including the procedure undergone by Decedent.

20) Gary J. Gunther, Ph.D. is a psychologist licensed to practice by the state of Michigan, who is a principal and/or an agent, servant or employee of RDD, at all times relevant to this complaint, who evaluated Decedent and approved him for treatment at RDD.

21) Rosalia Campos, an EMT, is a medical service provider licensed by the state of Michigan who is an agent, servant or employee of RDD, at all times relevant to this complaint.

22) Rosalia Campos was assigned by RDD to act as a "drug-free caregiver" of Decedent during his recuperation following the opiate reversal procedure.

23) Despite RDD's representations that Ms. Campos was an independent contractor, RDD explicitly directed the activity for which Ms. Campos was employed, thereby establishing a master-servant relationship.

24) Jeanne Katz is a principal and/or an agent, servant or employee of RDD, at all times relevant to this complaint.

25) Jeanne Katz was the resident agent as well as spokesperson for RDD. She exercised control over the procedure's design and implementation at RDD.

26) John Does I-X (names being fictitious and unknown) includes any other employee, agent, or servant of RDD as well as any other unknown person who has negligently or otherwise proximately caused the injuries and death of Decedent and the damages sustained by the Plainitffs.

27) John Roes I-X (names being fictitious and unknown) includes any other employee, agent, or servant of Hilton or Hampton Inn as well as any other unknown person who has proximately caused the injuries and death of Decedent through ordinary negligence, wanton, willful, or reckless conduct either through the unlawful collusion to use the Hampton Inn for medical purposes or for such conduct at the Hampton Inn during Decedent's recovery.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

28) Decedent, Michael Kinsella was born September 23, 1961. At the time of his death on September 19, 2010, he had been married for seventeen years to Plaintiff, Mary Kinsella. The couple lived in New Jersey with their three children, ages 15, 14, and 11.

29) He was first introduced to narcotics when opioid medication was prescribed to treat the pain associated with a prior medical condition.

30) When attempting to cease taking opiates, Mr. Kinsella realized he was physically dependent on the drugs.

31) With the desire to end his opiate addiction, Mr. Kinsella considered medically supervised drug detox and was ultimately solicited by RDD.

32) On August 19, 2010, RDD solicited Mr. Kinsella via email. These emails included questionnaires soliciting his medical and drug use history as well as instructions for his preparation during the period prior to detoxification. This email was followed with a phone call from RDD.

33) On September 13, 2010, Decedent drove to Michigan to the offices of RDD. Per instructions from RDD, he checked into the Hampton Inn Detroit-Novi in Commerce Township, MI. RDD had previously advised Decedent that he was required to stay at this Hampton Inn both before his procedure and during his post detox recovery.

34) The following day he submitted to a blood test and completed medical history forms at the orders of Edith Nemeth, M.D. at the RDD facility. He also underwent an evaluation by staff psychologist Gary J. Gunther, Ph.D. Dr. Nemeth also referred Mr. Kinsella to Alan Chernick, M.D., for an echocardiogram.

35) On September 15, 2010, Mr. Kinsella underwent a procedure known as "opiate reversal" under general anesthesia. This procedure was offered to him as a promise to "cure" him of his narcotic addiction.

36) This procedure purportedly involved the administration of drugs that replace opiates on the body's receptors, forcing the opiates into the bloodstream so they can be excreted by the kidneys and thus eliminated. Severe withdrawal would begin immediately upon initiation of this process.

37) After the procedure, Mr. Kinsella was required to remain in the Hampton Inn for his post surgery recovery. RDD provided co-defendant Rosalia Campos to serve as "drug free caretaker" present for a minimum of 48 hours subsequent to the procedure.

38) RDD had no provision to permit the post procedure recovery of their patients in a medical facility. RDD required all of its patients, including Mr. Kinsella, to stay at the Hampton Inn with a caregiver. The caregiver assigned to Decedent by RDD was Rosalia Campos, who was given detailed instructions by RDD as to the requirements of care. The Hampton Inn held itself out as and was used as a medical facility for this purpose.

39) While Mr. Kinsella was at the Hampton Inn, during his post procedure recovery and while he was under the observation of Rosalia Campos, Mr. Kinsella suffered an incident of acute distress and was later pronounced dead at to the Henry Ford West Bloomfield Hospital on September 19, 2010.

## FIRST COUNT

40) Plaintiffs repeat and reiterate each and every allegation and fact set forth hereinabove and incorporate same into this count of the complaint as though set forth at length herein.

41) At all times relevant hereto, Decedent, was rendered certain medical care and services by the Defendants, who were medical providers including but not limited to physicians, nurses, psychologists and EMTs, who were licensed and authorized to provide medical services, or held themselves out as such and undertook to render medical advice, treatment and care of Decedent.

42) In rendering the aforementioned care and services to the Decedent, the Defendants were negligent and careless, which negligence was a deviation from the required standard of care and skill.

43) In rendering the aforementioned care and services to the Decedent, the Defendants were grossly negligent and/or deliberately engaged in willful and wanton careless disregard for the care and treatment of Decedent, which gross negligence was a deviation from the required standard of care and skill.

44) As a direct and proximate result of the negligence, gross negligence and willful and wanton conduct of the Defendants, which deviated from the required standard of care and skill, the Decedent suffered unnecessary complications and injuries, including but not limited to great physical and emotional pain and suffering as well as injuries completely and permanently impairing cognitive function which directly and proximately caused the wrongful death of Decedent. The wrongful death of the Decedent has caused and will cause Plaintiffs to lose income, incur expenses and to suffer diverse financial loss. Further said negligence, gross negligence and breach of the required standard of care have directly and proximately caused Plaintiffs to suffer great pain permanently and endure great emotional distress permanently. Plaintiffs' losses directly and proximately caused by Defendants' negligence include but are not limited to loss of the Decedent's services society and companionship and the fair value

thereof.

45) Plaintiffs demand Trial by Jury as to all issues.

## **SECOND COUNT**

46) Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1-43 with the same force and effect, as though set forth at length and makes the same part hereof by reference herein.

47) At all times relevant to this complaint, Hilton, Hampton Inn and John Roes I-X unlawfully colluded with RDD to provide medical services despite its flagrant disregard of both state and federal laws and regulations requiring licensure of healthcare facilities. In failing to maintain safe premises and willfully disregarding regulatory safeguards, Defendants directly and proximately caused Decedent's unnecessary pain and suffering including, but not limited to loss of cognitive function and wrongful. The wrongful death of the Decedent has caused and will cause Plaintiffs to lose income, incur expenses and to suffer diverse financial loss. Further said negligence and breach of the required standard of care has directly and proximately caused Plaintiffs to suffer great pain permanently and endure great emotional distress permanently.

48) Plaintiffs demand Trial by Jury as to all issues.

## **THIRD COUNT**

49) Plaintiffs repeat and reiterate each and every allegation contained Paragraphs 1-46 of the Complaint with the same force and effect as though set forth at length and makes the same part hereof by reference herein.

50) John Does I-X, through their negligence, wanton, willful, and reckless conduct, directly and proximately caused Decedent's unnecessary pain and suffering including, but not limited to loss of cognitive function and wrongful. The wrongful death of the Decedent has caused and will cause Plaintiffs to lose income, incur expenses and to suffer diverse financial loss. Further said negligence and breach of the required standard of care has directly and proximately caused Plaintiffs to suffer great pain permanently and endure great emotional distress permanently.

51) Plaintiffs demand Trial by Jury as to all issues.

WHEREFORE Plaintiffs, Mary Kinsella, et al., demand Judgment against Defendants, jointly, severally and in the alternative, on all counts of the complaint, for:

   a.  actual damages,

   b.  punitive damages

   c.  interest and costs of suit

   d.  reasonable attorney fees

   e.  such other relief as the Court shall deem just and proper.

       ALLEGRA LAW FIRM, L.L.C.

       Attorneys for Plaintiff

DATED: February 22, 2012    BY: */s/ Peter A. Allegra*

        PETER A. ALLEGRA, ESQUIRE

## **NOTICE OF OTHER ACTIONS**

Pursuant to L.Civ.R. 11.2, I hereby certify that the matter in controversy is not the subject of any

other pending or contemplated court action or arbitration.

## **<u>TRIAL COUNSEL DESIGNATION</u>**

Pursuant to L.Civ.R. 101(a), PETER A. ALLEGRA, ESQUIRE, is authorized to appear in this Court and hereby designated as Trial Counsel.

ALLEGRA LAW FIRM, L.L.C.

Attorneys for Plaintiff

DATED: February 22, 2012          BY: /s/ *Peter A. Allegra*
                                     PETER A. ALLEGRA, ESQUIRE